**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 22, 2010
Decided November 22, 2010

**Before**

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 09-3641 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 07 CR 00657 |
| *v.* | |
| | **Rebecca R. Pallmeyer**, *Judge*. |
| RENATO TORRES-VASQUEZ, *Defendant-Appellant*. | |

**O R D E R**

Renato Torres-Vasquez pleaded guilty to reentering the United States after having been previously removed, in violation of 8 U.S.C. § 1326(a). The district court sentenced him within the guidelines to 76 months' imprisonment. Torres-Vasquez appeals, arguing that the district court's sentence was in error because the court did not consider the sentence disparity created by the absence of what is known as a fast-track program. We affirm.

I.

Torres-Vasquez is a Mexican citizen who has been removed from the United States three times already. He was first removed to Mexico in February 1999, after he served a 73-month federal sentence for a cocaine-related offense. Six months later, he illegally reentered the United States and was detained and removed a second time in September 1999. Undeterred, he reentered the country soon again and, in August 2000, was arrested on an Illinois drug charge. He pleaded guilty to the charge and was sentenced to a term of imprisonment. Following the completion of his sentence, he was removed to Mexico for the third time in June 2006. Within a month, he was back in the country illegally. In October 2006, Immigration and Customs Enforcement (ICE) agents discovered that he was using an alias and working at a warehouse in Aurora, Illinois. After learning that ICE agents were looking for him, Torres-Vasquez moved to California. He successfully evaded capture for almost two years but was finally arrested in San Luis Obispo, California, on September 10, 2008.

On September 23, 2008, Torres-Vasquez was charged in an indictment in the Northern District of Illinois with illegally reentering the United States after having been deported, a violation 8 U.S.C. § 1326(a). He requested to plead guilty in the Central District of California under Federal Rule of Criminal Procedure 20, which permits the transfer of defendants from one district to another. The request was denied and Torres-Vasquez was removed to the Northern District of Illinois, where his case was initiated. He then pleaded guilty to one count of illegal reentry.

Before sentencing, Torres-Vasquez argued that he should receive a below guidelines sentence because he was arrested in the Central District of California, a district where there is a fast-track program for illegal reentry defendants. So far, at least sixteen federal districts have adopted fast-track programs to address the high volume of illegal-reentry cases. *See United States v. Reyes-Hernandez*, No. 09-1249, slip op. at 7-13, 2010 WL 3911336, at *3-*5 (7th Cir. Oct. 7, 2010) (giving a history of fast-track programs). Through these programs, illegal reentry defendants are given reduced sentences in exchange for the waiver of certain rights. *Id.* The Northern District of Illinois, the district in which Torres-Vasquez was indicted and pleaded guilty, does not have a fast-track program. *Id.* at 13. Torres-Vasquez's guidelines range, as calculated in the Central District of California with the benefit of a fast-track program, would have been 46 to 57 months, while his guidelines range in the Northern District of Illinois was calculated to be 70 to 87 months. The district court rejected Torres-Vasquez's argument for a sentence below the 70-to-87-month range, and sentenced him to 76 months' imprisonment. Torres-Vasquez appeals.

II.

On appeal, Torres-Vasquez argues that the district court erred when it failed to consider the sentencing disparity created between fast-track and non-fast-track districts. At the time of Torres-Vasquez's sentencing, we did not allow district courts to depart below the guidelines range solely because the district did not have a fast-track program. *See United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006). But recently, we reconsidered our approach and now hold that district courts have "the ability to consider the absence of a fast-track program in crafting an individual sentence." *Reyes-Hernandez*, No. 09-1249, slip op. at 35, 2010 WL 3911336, at *16.

Regardless of this change of approach, Torres-Vasquez's argument on appeal has no merit because, contrary to Torres-Vasquez's contention, the district court *did* consider the disparity created by the absence of a fast-track program during sentencing. At the sentencing hearing, the district court recognized that Torres-Vasquez would have benefitted from a fast-track program had he remained in California, but then stated, "My inclination would be that Mr. Torres wouldn't be a good risk for a fast track treatment in any event." The district court went on to describe some of the circumstances in Torres-Vasquez's background which militated against a lenient sentence, including Torres-Vasquez's significant criminal history and involvement with controlled substances, his high likelihood of recidivism, and the fact that he had moved to California in order to evade immigration authorities and not to avail himself of fast-track treatment. Moreover, the district court repeated this consideration in the judgment's Statement of Reasons:

> Defendant has a very significant criminal history, including convictions for two controlled-substances offenses, and a crime of violence. Two previous deportations have not deterred Defendant from returning to the United States, most recently just one month after an order of deportation. Defendant's family ties in this [country], his limited Spanish skills, and his history of re-entry and of use of an alias, all render recidivism a likelihood. These factors also militate against leniency based upon the unavailability here of fast track disposition that might have been available to Defendant had he been permitted to [plead] guilty in California.

Thus, the district court acted in this case as we have suggested in *United States v. Reyes-Hernandez*: it noted the disparity created by the absence of a fast-track program but found that Torres-Vasquez's particular circumstances weighed against any leniency based on fast-track considerations.

Torres-Vasquez also argues that the district court erred when it failed to consider the disparity created by the court's denial of his Rule 20 request to be transferred to the Central District of California. But any such disparity stems solely from the presence of a fast-track program, and as discussed above, the district court considered this disparity and concluded that Torres-Vasquez's circumstances weighed against leniency. We also do not think the defendant's flight from Illinois to evade arrest gave him any right to be sentenced on the basis of practices in the district to which he fled. A defendant should not be able to improve his legal position by fleeing arrest. Accordingly, the district court committed no error in sentencing.

For these reasons, we AFFIRM the judgment of the district court.